SHAHOOD, J.
Pro se appellant, Anthony Tedesco, appeals his revocation of probation and upward departure sentence. We affirm as to all issues raised except one. Appellant argues that his departure sentence violates the double jeopardy provisions of the United States and Florida Constitutions.
We remand this matter for the trial court’s reconsideration of this issue since the trial court, in its May 3, 2001, Order on Defendant’s Motion to Correct Sentence, did not consider the Judgement, Sentence and Order Placing Defendant on Probation During Portion of Sentence which was rendered December 4, 1989, nunc pro tunc, to the date of the original sentence. Rather, the court relied upon the original November 15, 1989 sentence in addressing this issue. While appellant’s original sentence states that he was sentenced on counts one & two to fifteen years in prison followed by ten years’ probation to run concurrent *360 with the other cases, the order rendered nunc pro tunc to the date of the original sentence, states that appellant was • sentenced to fifteen years in prison in count two, followed by a consecutive ten year probation term in count one. This latter sentence is consistent with appellant’s negotiated plea agreement which states: “Count 2-15 years DOC with credit_ days served in jail. Count 1-10 years probation consecutive to prison sentence in Count 2.” We, therefore, reverse appellant’s sentence and remand for further proceedings consistent with this opinion.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
GROSS and MAY, JJ., concur.